[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action, by writ and complaint, claiming a dissolution of the marriage of the parties and other relief, as on file, came to this court on August 5, 1991 with a return day of August 20, 1991, and thence to later dates when the parties appeared for a limited contested trial which was heard on October 1, 1992.
The Court, having heard the evidence, finds the following:
The wife, Arleen Farrell, whose maiden name was Arleen Franzese, was lawfully married to the husband, Peter J. Farrell, on February 9, 1969 at Yonkers, New York. One party has resided continuously in this State twelve months next before the date of the filing of the complaint and all statutory stays have expired. The marriage of the parties has broken down irretrievably. Four children have been born to the wife since the date of the marriage, all of whom are the lawful issue of this CT Page 439 marriage. Of said four children, two children are minors, to wit: David J. Farrell, born November 26, 1978 and Jonathan P. Farrell, born August 27, 1982, both of whom reside with their mother.
Neither of the parties had been married before. The husband became 48 years of age on October 31, 1992 and the wife became 47 years of age on December 15, 1992.
The wife has a Bachelor's Degree and was a school teacher at the time of the marriage. She had twelve credits towards her Master's Degree, but because of the husband's military service, they relocated to England and she was not able to pursue her advanced degree. She continued teaching for approximately 3 1/2 years and since that time has primarily remained at home with the children. She did try her hand as a real estate salesperson In 1978 and 1979 and earned approximately $14,000.00 in a year and a half but she no longer possesses a real estate license. She has been engaged in starting a Mary Kay distribution business which began June 1, 1992. She indicated at the time of trial that she would give it another six months to determine whether or not it is economically feasible. She has further expressed her desire to retain the marital residence (towards the purchase of which, she claims that her parents contributed $54,000.00) and to remain at home as much as possible in order to avoid a disruption to the minor children and to be able to supervise and help said children as much as possible. The oldest child, a 20 year old daughter, resides at the marital residence with her mother. She is employed full time as a nurse's aide. The second oldest child, Deborah, who became 18 years of age on October 3, 1992 attends Northeastern University studying to become a dental hygienist. Recently, she has resided with her father on occasions and with her mother on other occasions. In the trial memorandum dated October 1, 1992, submitted on behalf of the wife, it is acknowledged that the wife will have to supplement the funds she receives from her husband by some type of employment and that it is anticipated she will, hopefully, be able to earn between $10,000.00 and $15,000.00 per year. If a teaching position became available, the wife could qualify to teach in the State of Connecticut provided she agreed to obtain and did ultimately obtain a Master's Degree within a reasonable period of time. If such position were available, it would enable the wife to increase her income substantially and still allow her a considerable amount of time for the children.
The husband holds a Bachelor's Degree. Additionally, he holds a Master's Degree in Business Administration. He has been gainfully employed for all of his married life except for a short period when the company he worked for was sold. He is currently employed by Asea Brown CT Page 440 Boveri, Inc. (successor to Combustion Engineering) as Director of Financial Systems and Controls and related activities. He earns a gross salary of approximately $89,000.00 per year. In addition, he has received bonuses for the past several years including a gross bonus of $15,300.00 in 1992 for the 1991 year so that his total yearly gross earnings would be approximately $104,000.00. He indicated that for the 1992 year he is less likely to receive a bonus, which bonus, if granted, would be payable in 1993. He believes that the marital residence, a large home with many bathrooms, is too expensive to keep and maintain and should be sold to provide liquid assets and that the wife and children could obtain a more modest residence at a substantial savings of expense.
The husband and the wife testified to a variety of circumstances which they believe led to the breakdown of the marriage. In addition, they testified concerning their use of monies for the purchase of a variety of items including motor vehicles which reduces current liquid assets.
The Court has listened to the parties and reviewed all of the testimony, exhibits and the financial affidavits of the parties as well as the Child Support Guidelines Worksheets submitted by the parties. In addition, the Court has taken into consideration all of the criteria set forth in Connecticut General Statutes Sec. 46b-81 (the assignment of property and transfer of title statute), Sec. 46b-82 (the alimony statute) and Sec. 46b-84 (parents' obligation for maintenance of minor child) including referring to the Connecticut Child Support Guidelines.
The parties are in substantial agreement concerning custody and visitation, the use of funds set up by the wife's parents to provide a higher education for the children, and the division of tangible personal property including the automobiles.
Accordingly, the Court orders as follows:
A decree of dissolution of the marriage shall enter on the grounds of irretrievable breakdown of the marriage.
CUSTODY AND VISITATION
The wife and the husband shall have joint custody of their two minor children. The wife shall be the primary residential parent and the husband shall have rights of reasonable, liberal and flexible visitation including alternate weekends from Friday evening to Sunday evening, and two evenings per week provided the husband gives to the CT Page 441 wife at least 48 hours notice concerning his choice of weekday visitation. The parties shall alternate the major holidays. The husband shall have extended visitation during the children's summer vacation to coincide with his vacation schedule and the husband shall notify the wife by June 1st of each year concerning his choice of summer vacation time.
CHILD SUPPORT
The Husband shall pay to the wife as child support the sum of $235.00 per week per child which the Court finds to be in accordance with any allowable deviations from the Child Support Guidelines. So long as the husband is paying support in accordance with the order of the Court, he shall be entitled to claim the children as dependents for income tax purposes.
ALIMONY
The Husband shall pay to the wife as alimony, commencing one week from the date hereof and weekly thereafter, the sum of $275.00 per week. Said alimony shall terminate upon the happening of the first of the following events:
a) the death of either party;
b) the wife's remarriage;
c) the wife's cohabitation under the statute;
d) 12 years from the date of this decree.
LIFE INSURANCE
The husband shall designate the wife as the beneficiary of his present life insurance policies in an amount necessary to fund his alimony obligation. Said amount shall be modified annually to reflect the amount of obligation still remaining.
PENSION BENEFITS
A Qualified Domestic Relations Order shall issue granting to the wife one-half-of the husband's pension benefits as currently vested through his previous employment with American Can Company. The husband shall retain his pension benefits with his current employment. All other pension benefits including IRA's, and 401k's shall be retained by CT Page 442 the party in whose name they currently exist.
HEALTH INSURANCE
The husband shall maintain for the benefit of the minor children all medical and dental insurance which is available to him through any place of employment. In the event the wife's employment also provides such insurance benefits, she shall likewise maintain such insurance for the benefit of the minor children. All unreimbursed medical and dental expenses incurred on behalf of the minor children shall be shared equally by the parties.
The husband shall cooperate with the wife in obtaining for her all necessary documentation so that she may continue her medical insurance through the present carrier. If the wife does not have medical insurance through her own employment as of the date of this decree, the husband shall pay for the first year of the wife's medical insurance premiums. Thereafter, it shall be the wife's responsibility.
REAL PROPERTY
The wife shall have exclusive possession and control of the marital residence located at 42 Wedgewood Drive, Danbury, Connecticut until the first of the following events: her remarriage, her cohabitation under the statute, her desire to sell the property, or the youngest child attaining the age of 18 years. Upon the happening of the first of these events, said residence shall be placed upon the market for immediate sale. From the gross proceeds of the sale there shall be paid the balance of the home-equity loan, real estate commission and closing costs. The remaining net proceeds shall be allocated as follows: 70% to the wife and 30% to the husband. During the period of time that the wife has exclusive possession and control of said premises, (provided the husband is current in his alimony and child support payments) she shall be responsible for ordinary maintenance where the amount involved is $250.00 or less, the payment of real estate taxes and insurance and the monthly payment on the home-equity loan. Any required maintenance or repair in excess of $250.00 shall be paid: 70% by the wife and 30% by the husband.
PERSONAL PROPERTY
Each party shall retain their respective motor vehicles and bank accounts free and clear of any claims the other may have for the same.
It has been represented to the Court that the parties believe they CT Page 443 can reach an agreement concerning the division of tangible personal property. In the event they are unable to do so, they should return to the Court for further orders in connection therewith.
ATTORNEYS FEES
The Husband shall pay to the Wife the sum of $3,000.00 towards her attorneys fees, within 120 days of the date hereof.
DEBTS
The Husband shall promptly pay the following bills:
(1) Physicians Services for son, Jonathan in amount of $302.00
(2) Dr. Townsend for son Jonathan in the amount of $150.28
(3) After utilizing the proceeds of the joint tax refund, the balance of Dr Fenster's orthodontic bill to date. Thereafter, the parties shall equally share any such unreimbursed bill.
Otherwise, each party shall be responsible for and hold the other party harmless from all liabilities shown on his or her respective financial affidavits.
CUSTODIAL ACCOUNTS
The husband and wife have previously entered into a Stipulation dated October 1, 1992, concerning Custodial Accounts for Deborah Farrell, David Farrell and Jonathan Farrell, three of the children of the marriage and the Court has previously entered an Order in connection therewith on October 1, 1992. Said Order is made a part of this Decree.
CONTINGENT WAGE EXECUTION
A contingent wage execution is ordered as to the Husband.
MORTON I RIEFBERG JUDGE OF THE SUPERIOR COURT
October 1, 1992
ORDER
The court hereby orders the following: CT Page 444
1. Per the parties agreement, the court orders in accordance with the stipulation dated October 1, 1992 and executed by the parties.
2. The defendant shall submit to the plaintiff copies of the custodial account statements.
THE COURT (Riefberg, J.)
 BY: ____________________ T. Assistant Clerk Re Motion # 10/1/92
[EDITORS' NOTE: THE HANDWRITTEN STIPULATION IS ELECTRONICALLY NON-TRANSFERRABLE.]